IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LARNELL JONES, JR.,                 )
                                    )      Civ. Act. No. 10-676
              Petitioner,           )      Crim. Act. No. 07-357
                                    )
     v.                             )
                                    )
                                    )
UNITED STATES OF AMERICA,           )
                                    )
              Respondent.           )

MEMORANDUM

Gary L. Lancaster,
Chief Judge.                                    September 30, 2010

             This is an action to vacate sentence.  On August 12,

2004, petitioner Larnell Jones, Jr. pleaded guilty to two counts

of possession of a firearm by a convicted felon in violation of

18 U.S.C. § 922(g)(1).  These offenses constituted violations of

the terms of petitioner's supervised release.

             On October 6, 2008, this court sentenced petitioner to

seventy-two (72) months in prison, to be followed by three (3)

years of supervised release in connection with the felon-in-

possession charges.    This court also sentenced petitioner to

twelve (12) additional months in prison in connection with the

violation of the terms of his supervised release.

             The United States Court of Appeals for the Third

Circuit upheld this sentence on direct appeal.

1

On May 17, 2010, petitioner filed the pending pro se[1] motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. In his motion, petitioner argues that his attorney, Linda E. J. Cohn ("defense counsel"), was so ineffective that he was denied his right to counsel guaranteed by the Sixth Amendment to the United States Constitution.

Specifically, petitioner contends that defense counsel was ineffective because she allegedly failed to object to one point being added to his criminal history score based on a 1998 conviction for carrying a loaded weapon. Petitioner was ordered to pay fines and costs for this offense, but was not sentenced to either imprisonment or probation. Accordingly, Petitioner contends that such an assessment was improper under the Sentencing Guidelines Section 4A1.2(c), which excludes certain prior misdemeanor and petty offenses from consideration during sentencing. See U.S. Sentencing Guidelines Manual § 4A1.2(c) (2007).[2]

---

[1] The court is mindful that a pro se movant cannot be held to the same stringent standards as attorneys. See United States v. Otero, 502 F.3d 331, 334 (3d Cir. 2007).

[2] Petitioner was sentenced on October 6, 2008. Therefore, according to U.S.S.G. § 1B1.11, the 2007 guidelines which were in effect on that date govern his sentencing. However, this court notes that Section 4A1.2(c), the guideline at issue here, is the same in both the 2007 and 2008 version of the Guidelines.

The United States Government (the "government") opposes petitioner's motion to vacate sentence and argues that petitioner was not denied effective assistance of counsel and that Section 4A1.2(c) does not apply to the circumstances of this case.

For the reasons that follow, petitioner's motion to vacate sentence will be denied without a hearing.[3]

I. BACKGROUND

A. Procedural History

On October 6, 2008, this court sentenced petitioner to seventy-two (72) months in prison, to be followed by three (3) years of supervised release and a consecutive twelve (12) month sentence of imprisonment for violation of supervised release. On October 8, 2008, petitioner appealed his conviction to the United States Court of Appeals for the Third Circuit alleging that this court: (1) erred by considering unreliable evidence in calculating petitioner's criminal history score; (2) failed to properly consider all of the Section 3553(a) factors; and (3)

---

[3] A district court is required to hold an evidentiary hearing on a motion to vacate filed under 28 U.S.C. § 2255 "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); United States v. Lilly, 536 F.3d 190, 195 (3d Cir. 2008). Based on our review of the motion, the response and reply thereto, and the record in this case, we hold that a hearing is not required here because it is clear that petitioner is not entitled to relief.

improperly ordered the sentence for the supervised release violation to run consecutive to, instead of concurrently with, the sentence for the underlying offense.

On November 3, 2009, the court of appeals affirmed petitioner's sentences. United States v. Jones, 355 Fed. Appx. 610 (3d Cir. 2009). The court of appeals concluded that in computing the petitioner's criminal history, this court had properly relied on a certified copy of the docket sheet which demonstrated a conviction that qualified for assessment of the contested point. Id. at 613. The court of appeals likewise held that this court gave meaningful consideration to the relevant Section 3553(a) factors and handed down a reasonable and well-supported sentence within the advisory guideline range. Id. at 614.

On May 17, 2010, petitioner filed this motion to correct his sentence under 28 U.S.C. § 2255. As noted above, petitioner was convicted of unlawful possession of a firearm by a convicted felon and violations of his supervised release. The facts and circumstances behind these convictions are as follows.

B.    Factual Background

On December 11, 2006, petitioner began a three-year term of supervised release, having served a forty-six month sentence of imprisonment for violation of 18 U.S.C. § 922(g)(1),

4

which forbade him, as a convicted felon, from being in possession of a firearm. On December 12, 2010, the second day of his period of supervised release, petitioner was arrested by the City of Pittsburgh Police who found him at the site of a one-car accident. Petitioner was intoxicated and in possession of a Springfield Armory Model XD-40, 40 caliber pistol, a weapon that had been reported stolen.

Petitioner was subsequently arrested again for driving under the influence of alcohol and possession of a Smith & Wesson pistol that had been reported stolen after he was stopped at a DUI checkpoint on July 14, 2007.

Petitioner's Probation Officer filed a petition with this court reporting these and other violations of his supervised release. After being indicted by a federal grand jury, petitioner pleaded guilty to two counts of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). Petitioner admitted that his guilty plea was evidence that he had violated the terms of his supervised release.

At sentencing, petitioner, who has an extensive criminal history, was classified as a Level VI offender. Petitioner's offense level was 19, resulting in an advisory guideline range of 63 to 78 months. Before imposing sentence,

this court heard argument from both the government and counsel for the defense, as well as testimony from petitioner and several of his relatives. In addition, petitioner's counsel raised an objection to the inclusion of one criminal history point for petitioner's 1998 conviction for carrying a loaded weapon, on the grounds that the Presentence Report stated that "the facts surrounding that case [were] unknown." However, this court overruled that objection because a certified transcript of the docket with the seal of the court was produced in connection with that conviction, and this court found that there was reliable evidence to support the assessment of the point.

Petitioner now contends on collateral appeal that his counsel was ineffective because she did not argue that Section 4A1.2(c) of the United States Sentencing Guidelines prohibited the inclusion of the criminal history point for the 1998 conviction.

II. Legal Standard –Ineffective Assistance of Counsel

For a petitioner to succeed on an ineffective assistance of counsel claim, he must prove: (1) that his counsel was deficient; and (2) that he was prejudiced by his counsel's deficiency. Strickland v. Washington, 466 U.S. 668, 687 (1984). The court of appeals recently observed that, in order to satisfy

the first prong of the Strickland test, petitioner "must show that counsel's representation fell below an objective standard of reasonableness." Lewis v. Horn, 581 F.3d 92, 106 (3d Cir. 2009) (quoting Strickland, 466 U.S. at 688). Accordingly, we "must make every effort ... to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Id. at 113 (citation and internal quotation omitted). The court of appeals directs that we:

> must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, [petitioner] must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.

Id. (citation and internal quotation omitted).

The court of appeals noted, however, that "[t]he presumption can be rebutted by showing that the conduct was not, in fact, part of a strategy or by showing that the strategy employed was unsound." Id. (citation and internal quotation omitted).

Generally speaking, the court of appeals advises that we first evaluate the prejudice prong of the Strickland analysis because "this course of action is less burdensome to defense counsel." United States v. Booth, 432 F.3d 542, 546 (3d Cir.

2005) (quoting <u>United States v. McCoy</u>, 410 F.3d 124, 132 n.6 (3d Cir. 2005) (internal quotations omitted)).

To establish prejudice, petitioner must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Strickland</u>, 466 U.S. at 694; <u>Weeks v. Snyder</u>, 219 F.3d 245, 257 (3d Cir. 2000). In other words, petitioner must show that there is a reasonable probability that his counsel's errors resulted in his conviction. <u>See</u> <u>Glover v. United States</u>, 531 U.S. 198, 203 (2001).

III. <u>Discussion</u>

Petitioner contends that his counsel was ineffective because she did not raise objections under Sections 4A1.2(c)(1) or (c)(2) of the Sentencing Guidelines to including his 1998 conviction for carrying a loaded weapon in calculating his criminal history score. According to Petitioner, had this point not been assessed, his sentencing range would have been 57-71 months instead of 63-78 months. Because we find each of petitioner's arguments under Section 4A1.2(c)to be entirely without merit, we conclude he suffered no prejudice from his counsel's failure to raise them.

Petitioner contends that Section 4A1.2(c)(1) of the Sentencing Guidelines requires that a misdemeanor or petty offense must have a sentence of at least 30 days of imprisonment or a year of probation to be counted in a criminal history calculation, and that it was error on the part of his counsel not to argue that Section 4A1.2(c)(1) precluded the award of a criminal history point for his 1998 conviction for carrying a loaded weapon. Petitioner was not sentenced to either 30 days in prison or one year of probation for the 1998 offense, and therefore, he posits that if his counsel had made this argument, he would have had a lower criminal history score, resulting in a lower suggested range for sentencing.

Petitioner also claims that his counsel failed to argue that his conviction for carrying a loaded weapon fits under the category of excluded offenses listed in Section 4A1.2(c)(2). Specifically, petitioner contends that because the loaded weapon he was carrying was a Mossberg shotgun, a type of gun that may be used for hunting, his sentence was for a crime similar to fish and game violations, which violations do not count towards a criminal history calculation under Section 41A1.2(c)(2).

The government submits that both arguments represent an incorrect interpretation of Section 4A1.2, and that

9

petitioner could not have been prejudiced by defense counsel's failure to raise a specious argument. This court agrees.

Section 4A1.2 of the Sentencing Guidelines defines which prior offenses are included in a criminal history score and subpart (c) sets forth those misdemeanor or petty offenses which are excluded from the calculation. The relevant portion of Section 4A1.2 reads as follows:

(c) Sentences Counted and Excluded

Sentences for all felony offenses are counted. Sentences for misdemeanor and petty offenses are counted, except as follows:

(1) Sentences for the following prior offenses and offenses similar to them, by whatever name they are known, are counted only if (A) the sentence was a term of probation of more than one year or a term of imprisonment of at least thirty days, or (B) the prior offense was similar to an instant offense:

Careless or reckless driving
Contempt of court
Disorderly conduct or disturbing the peace
Driving without a license or with a revoked or
    suspended license
False information to a police officer
Gambling
Hindering or failure to obey a police officer
Insufficient funds check
Leaving the scene of an accident
Non-support
Prostitution
Resisting arrest
Trespassing

(2) Sentences for the following prior offenses and offenses similar to them, by whatever name they are known, are never counted:

10

```
          Fish and game violations
          Hitchhiking
          Juvenile status offenses and truancy
          Local    ordinance    violations    (except    those
          violations that are also violations under state
          criminal law)
          Loitering
          Minor traffic infractions (e.g., speeding)
          Public intoxication
          Vagrancy.
```

U.S.S.G. § 4A1.2(c).

The comments to this section note that when a court must determine whether an unenumerated offense is similar to an enumerated offense the court should use a "common sense approach that includes consideration of relevant factors" such as:

(i)     A comparison of punishments imposed for the listed and unlisted offenses;

(ii)    The perceived seriousness of the offenses as indicated by the level of punishment;

(iii)   The elements of the offense;

(iv)    The level of culpability involved; and

(v)     The degree to which the commission of the offense indicates a likelihood of reoccurring criminal conduct.

U.S.S.G. § 4A1.2(c), comment n.A.

In interpreting the Sentencing Guidelines, we look to their "plain and unambiguous language." United States v. Swan, 275 F.3d 272, 279 (3d Cir. 2002) (quotation marks and citation omitted). In other words, when the meaning of the text is clear

and free from ambiguity, we need look no further than the text
itself to determine its meaning. See United States v. Milan,
304 F.3d 273, 294 (3d Cir. 2002)(interpreting the Sentencing
Guidelines according to the clear meaning of the text).    The
Sentencing Guidelines include commentary which "is authoritative
unless it violates the Constitution or federal statute or is
inconsistent with or is a plainly erroneous reading of that
provision[.]"   United States v. Remoi, 404 F.3d 789, 795 (3d
Cir. 2005) (per curiam) (citing Stinson v. United States, 508
U.S. 36 (1993)).   In other words, the plain meaning of the text
remains paramount, but non-contradictory commentary also guides
this court.

### A.  Petitioner's Section 4A1.2(c)(1) Argument

Petitioner first contends that Section 4A1.2(c)(1) of
the Guidelines requires that a misdemeanor or petty offense must
have a sentence of at least 30 days of imprisonment or a year of
probation to be counted in a criminal history calculation.[4]   As
petitioner did not serve time in prison or on probation for his
1998  conviction,   he   argues   that   a   correct   application   of

---

[4] Petitioner's argument as to this point includes a number of references to an
"Amendment 709", and he appears to contend that Section 4A1.2(c)changed in
some manner relevant to his 1998 conviction for the summary offense of
carrying a loaded weapon.  However, an examination of Section 4A1.2(c)in both
the 2007 and 2008 guidelines demonstrates that the text is unchanged, and
therefore, defense counsel can certainly not be faulted for failure to raise
an amendment to the Guidelines that did not occur, and petitioner can claim
no prejudice related to an alleged amendment of the guidelines.

4A1.2(c)(1) would lower his criminal history score. This is clearly incorrect, as the a plain reading of 4A1.2(c)(1) makes it unambiguously clear that all offenses are counted, except for those offenses that *both* resulted in less than 30 days imprisonment or under a year of probation *and* are included on an enumerated list of misdemeanor and petty offenses or are "offenses similar" to the listed offenses. So, although petitioner was not sentenced to time serving in prison or on probation for his offense, that fact is irrelevant unless the crime he committed is either one of the enumerated offenses, or similar to one of them. The enumerated offenses are listed supra, and the offense of carrying a loaded weapon is not on this list.

Therefore, the only remaining question is whether the offense of carrying a loaded weapon is similar to any of the offenses listed in Section 4A1.2(c). Petitioner was convicted under a Pennsylvania statute making it illegal to carry a loaded pistol, revolver, shotgun or rifle other than certain licensed firearms in any vehicle. 18 Pa.Cons.Stat. § 6106.1. This rule includes an exception for firearms of a certain size which can only be carried with a license or when the bearer of the firearm is on property he or she controls. See 18 Pa.Cons.Stat. § 6102 (definition of a firearm); §6106 (firearm licensure

requirements); 34 Pa.Cons.Stat. § 2503 (excepting landowners on their own property while not hunting or trapping from licensure requirements). However, there is nothing of record to suggest that any of these exceptions apply. Accordingly, the elements of the offense include carrying a loaded and unlicensed weapon in a vehicle. Violation of this law is a summary offense, for which a prison sentence of up to 90 days may be imposed. 18 Pa.Cons.Stat. § 1105.

In comparing this offense to the offenses listed under Section 4A1.2(1) of the Sentencing Guidelines, this courts finds that as with the listed offenses, carrying a loaded weapon is a summary offense, which indicates that the crime is not considered by the Sentencing Commission to be particularly grave. However, in applying common sense to the consideration of the elements of the offense, which include making the choice to both carry a weapon which is loaded and ready to discharge in a vehicle, and failing to seek the appropriate licensure, it is apparent that this offense is different from the enumerated offenses.

In comparing petitioner's offense and the enumerated offenses, it is clear that there is a heightened level of culpability in making the choice to step into a vehicle with an unlicensed and loaded weapon that is of a different character

14

than making the choice, for example, to drive a vehicle without the proper license. Furthermore, carrying a loaded and unlicensed weapon indicates a high likelihood of re-occurring criminal conduct, as it is unlikely that there is any legitimate reason to do so in the typical case. Therefore, this court holds that carrying a loaded weapon does not qualify for the exception set forth in Section 4A1.2(c)(1) of the Sentencing Guidelines, as it is neither one of the enumerated exceptions to the rule, nor similar to any of those exceptions.

This being the case, petitioner can show no reason why his counsel was ineffective for failing to make such an argument nor that he was prejudiced by the decision not to do so.

B. Petitioner's Section 4A1.2(c)(2) Argument

Next, petitioner contends that because the gun he was carrying was allegedly of a type that can be used for hunting, his counsel should have argued that petitioner be relieved of a criminal history point under Section 4A1.2(c)(2), which excludes fish and game violations and offenses similar from counting towards a criminal history score.

The government argues that similarity between petitioner's offense and an enumerate offense under 4A1.2(c)(2) is tenuous at best and fails the "common sense approach" urged by the Sentencing Guidelines in making such an assessment.

This court agrees and holds that the offense of carrying loaded weapon is not similar to a fish or game violation and petitioner may not invoke the exception under Section 4A1.2(c)(2). This being the case, petitioner's counsel was not ineffective for failing to so argue.

As with Section 4A1.2(c)(1), Section 4A1.2(c)(2) is unambiguous and can be read for its plain meaning, which is to exclude offenses related to fish and game violations from adding points to a criminal history score. Petitioner was not convicted of a fish and game violation, but of carrying a loaded weapon under 18 Pa.Con.Stat. § 6106.1. Therefore, we must consider whether carrying a loaded weapon is similar to a fish and game violation for purposes of Section 4A1.2(c)(2).

The fish and game violation most similar to petitioner's offense of carrying a loaded weapon is found at 34 Pa.Con.Stat. § 2503, which prohibits a person from having a firearm of any kind[5] in any conveyance propelled by mechanical power or its attachments unless that firearm is unloaded. Although the elements of the two crimes are, in fact, strikingly similar, the governing comment to U.S.S.G. § 4A1.2(c), makes it

---

[5] 34 Pa.Con.Stat. § 2503 does not distinguish between licensed firearms and unlicensed weapons, as does 18 Pa.Con.Stat. § 6106.1, but prohibits any kind of firearm in any motorized conveyance when that firearm is loaded. 18 Pa.Con.Stat. § 6106.1, when read in conjunction with § 6106 would allow certain firearms to be carrying in a vehicle while loaded, assuming that the bearer also possessed a valid license for the firearm.

clear that context matters. There is a decided distinction between having an unlicensed and loaded weapon in a vehicle when one is engaged in a hunting activity and when one is not. Both may be illegal, but the former is incidental to the legitimate activity of hunting, whereas there is no legitimate purpose served by driving a vehicle in a non-hunting context with an unlicensed and loaded weapon. Therefore, a person convicted of having a loaded firearm in a conveyance propelled by mechanical power who is otherwise engaged in a hunting activity under 34 Pa.Con.Stat. § 2503 is less culpable and has committed an offense which indicates a lesser likelihood of reoccurring criminal conduct than a person convicted of carrying a loaded weapon in a vehicle under 18 Pa.Con.Stat. § 6106.1, making the two offenses dissimilar for purposes of analysis under Section 4A1.2(c)(2) of the Sentencing Guidelines.

Furthermore, petitioner has made no argument, and the record evidence does not support, any suggestion that he was engaged in a hunting activity, beyond the fact that he claims that the weapon he was carrying was of a type that may be used while hunting. Certainly, the mere presence of a weapon that can be used for hunting is no evidence of any actual connection to that purpose, any more than having a basketball in the back seat of the car would prove that petitioner was on his way to

17

play a basketball game. In other words, neither the record nor petitioner through his motion has raised any contention that indicates that petitioner's counsel should have even considered, let alone attempted to argue that petitioner's conviction for carrying a loaded weapon was in any way related to a fish and game violation, nor can any reading of this guideline transform such an argument into sound strategy. Therefore, petitioner has suffered no prejudice, because there is no reasonable probability that, but for counsel's actions, the results of the sentencing proceeding would have been different.

IV.  CONCLUSION

Based on the foregoing, this court finds that the record conclusively establishes that petitioner is not entitled to relief on his claim for a corrected sentence based on ineffective assistance of counsel.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LARNELL JONES, JR.,                    )
                                       )    Civ. Act. No. 10-676
                Petitioner,            )    Crim. Act. No. 07-357
                                       )
        v.                             )
                                       )
UNITED STATES OF AMERICA,              )
                                       )
                Respondent.            )

## ORDER

AND NOW, this $30$ day of September, 2010, IT IS HEREBY ORDERED that petitioner's motion to vacate sentence [Crim. No. 07-357, at Doc. No. 59] is DENIED.

IT IS FURTHER ORDERED that a Certificate of Appealability SHOULD NOT ISSUE with respect to the court's order denying petitioner's section 2255 motion because, for the reasons set forth in the memorandum, he has not "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see also Third Circuit Local Rule 22.2 (stating that "[i]f an order denying a petition ... under § 2255 is accompanied by an opinion ... it is sufficient if the order denying the certificate [of appealability] references the opinion ....").

The Clerk of Court is directed to mark this case closed.

_____ C.J.